UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIC V.,[1]

      Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

24-CV-1118 (JLS)

---

## DECISION AND ORDER

Plaintiff Eric V. brought this action under 42 U.S.C. § 405(g) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that he was not disabled.  Dkt. 1.  Plaintiff moved for judgment on the pleadings.  Dkt. 6.  The Commissioner responded and cross-moved for judgment on the pleadings.  Dkt. 8.  For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB"), filed on July 22, 2020.[2]  Tr. 182–86.[3]  Plaintiff's application was initially denied, as well as upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ").  Tr. 65–105, 112–28.  Following the hearing, at which Plaintiff was represented by counsel, ALJ Paul Georger issued a decision finding that Plaintiff was not disabled.  Tr. 17–63.  Plaintiff's request for Appeals Council review was denied.  Tr. 1–6.

Plaintiff subsequently filed a district court action, and on September 12, 2023, the Honorable Elizabeth A. Wolford remanded Plaintiff's case for further administrative proceedings pursuant to the parties' joint stipulation.  Tr. 612. Following a second hearing, ALJ Stephan Bell issued another decision finding that Plaintiff was not disabled.  Tr. 536–81.  Plaintiff's request for Appeals Council review was denied, after which he commenced this action.  Tr. 582–97; Dkt. 1.

## LEGAL STANDARDS

### I.    DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the

---

[2] Plaintiff applied for DIB, which requires a claimant to show that he or she became disabled while meeting the Act's insured status requirements.  *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022).

[3] The filing at Dkt. 3 is the transcript of the proceedings before the Social Security Administration.  All references to Dkt. 3 are hereby denoted "Tr. __."

correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 589 U.S. 97, 99 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (explaining that the Court's review for legal error ensures "that the claimant has had a full hearing under the regulations and in accordance with the beneficent purposes of the Social Security Act." (citation modified)).

## II.   DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520; *see Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work

activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant's impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(d). If such criteria are met, then the claimant is declared disabled. *Id.*

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). *Id.* § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. *Id.* § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.*

4

§ 404.1560(b)(3).  If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step.  *Id.* § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience.  *Id.* § 404.1560(c).  Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience.  *Id.* §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

## I.    THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 1, 2020.  Tr. 542.  The ALJ also found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease ("COPD"), and obesity.  *Id.*  The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 546.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff can] occasionally reach[ ] overhead to the left, and [he can] occasionally reach[ ] overhead to the right.  [He] can climb

> ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, [and] crawl occasionally. [He can function] in humidity and wetness occasionally, in dust, odors, fumes and pulmonary irritants occasionally, in extreme cold occasionally, [and] in extreme heat occasionally. Requires a sit/stand option, changing positions every 45 minutes, with [Plaintiff] sitting for 45 minutes, standing long enough for symptoms to resolve, then sitting again, staying on task throughout the process.

Tr. 547.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 552. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. Tr. 553. As such, according to the ALJ, Plaintiff had not been under a disability since June 1, 2020. Tr. 554.

## II. PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ's decision was unsupported by substantial evidence for two reasons. *See* Dkt. 6-1 at 12–23. First, Plaintiff says that the ALJ improperly found that his mental impairments were not severe at step two of the disability determination. *See id.* at 12–20. Second, Plaintiff says that the ALJ failed to consider adequately the combined effect of his mental impairments when determining his RFC. *See id.* at 20–23. For the reasons that follow, this Court disagrees.

6

## III.  ANALYSIS

### A.    Step Two Determination

At step two of the disability determination, "the ALJ determines whether the claimant has an impairment, or combination of impairments, that is 'severe' within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities." *Felix S. v. Comm'r of Soc. Sec.*, 630 F. Supp. 3d 423, 427 (W.D.N.Y. 2022).  Although the claimant bears the burden of establishing severity, such burden "is *de minimis* and is meant only to screen out the weakest of claims."  *See id.* at 427–28 (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)).

Regarding a claimant's alleged mental impairments, "the regulations instruct the ALJ to apply a 'special technique' in determining whether [those] impairments are severe."  *Sharon J. v. Comm'r of Soc. Sec.*, 716 F. Supp. 3d 59, 64 (W.D.N.Y. 2024).  This special technique "instructs the ALJ to consider [four] broad areas of mental [work-related] functioning."  *See id.*  Those four areas are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.  *See* 20 C.F.R. § 404.1520a(c)(3).  If the ALJ does not find more than a "mild" limitation in any of those four areas, then the claimant's medically determinable mental impairments are non-severe.  *See id.* § 404.1520a(d)(1).

Here, the ALJ considered Plaintiff's schizoaffective disorder and post-traumatic stress disorder ("PTSD") and concluded that they were non-severe impairments because they did not "cause more than minimal limitation in

7

[Plaintiff's] ability to perform basic mental work activities." *See* Tr. 542. More specifically, the ALJ found that Plaintiff had: (1) no limitation in understanding, remembering, or applying information; (2) a mild limitation in interacting with others; (3) a mild limitation in concentrating, persisting, or maintaining pace; and (4) a mild limitation in adapting or managing himself. *See* Tr. 544–45. Those findings mirrored the opinions of state agency review consultants A. Chapman, PsyD, and D. Brown, PsyD. *See* Tr. 69 (relevant portion of Dr. Chapman's opinion); Tr. 84 (relevant portion of Dr. Brown's opinion).

More importantly, however, the ALJ's findings were supported by the opinion of consultative examiner Susan Santarpia, PhD, who concluded that Plaintiff only had mild limitations in regulating emotions, controlling behavior, and maintaining well-being. *See* Tr. 868. They also largely were supported by Plaintiff's longitudinal treatment record and reported activities of daily living. *See, e.g.*, Tr. 510–11, 834–35, 1065–66 (normal mental status examinations on October 13, 2021, October 12, 2022, and January 24, 2024, respectively); Tr. 868 (acknowledging Plaintiff's reports that he could dress, bathe, groom himself, cook, clean, do laundry, shop, manage finances, operate a motor vehicle, and socialize with friends).

Accordingly, the ALJ's step two determination was supported by substantial evidence. *See, e.g., Angela M.K. v. Kijakazi*, 2022 WL 4591844, at *3 (N.D.N.Y. Sept. 30, 2022) (concluding that the ALJ's step two determination was supported by substantial evidence where it was based on the plaintiff's "largely normal mental status examinations, [her] symptoms and treatment, the longitudinal record, the

8

medical opinions, the majority of which reflected no more than mild limitations, . . . [and her] daily activities, which did not reflect any functional limitation regarding basic work activities" (citation modified)).  Plaintiff nevertheless argues that this Court should reach the opposite conclusion for two reasons.  *See* Dkt. 6-1 at 12–20.  The Court will address each argument in turn.

First, Plaintiff argues that the ALJ applied the wrong severity standard; in Plaintiff's view, the ALJ's severity standard "required Plaintiff to be hospitalized for his mental health, be unable to care for himself and be placed in a residential facility, or enter a psychiatric treatment facility." *See id.* at 14.  That argument is without merit because, as required by the regulations, the ALJ assessed Plaintiff's degree of limitation in the four areas of mental work-related functioning and found that Plaintiff had no more than a mild limitation in any of the four areas.  *See* 20 C.F.R. § 404.1520a(c).  What is more, as discussed above, those findings were supported by substantial evidence.  *See Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) ("The substantial evidence standard means once an ALJ finds facts, [a reviewing court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise.*" (citation modified)).

Second, Plaintiff argues that "the ALJ improperly cherry-picked evidence to find mild limitations [in his mental work-related functioning]." *See* Dkt. 6-1 at 19.  Plaintiff's argument is, essentially, a disagreement with the ALJ's weighing of the evidence, and it is "not the function of this Court to re-weigh evidence or consider *de novo* whether [Plaintiff] is disabled." *See Teena H. o/b/o N.I.K. v. Comm'r of Soc.*

*Sec.*, 521 F. Supp. 3d 287, 292 (W.D.N.Y. 2021); *see also Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) ("We are unwilling to require an ALJ explicitly to reconcile every conflicting shred of medical testimony[;] [i]t is sufficient that the ALJ noted that he carefully considered the exhibits presented in evidence in reaching his conclusion."); *Malcom C. v. Comm'r of Soc. Sec.*, 801 F. Supp. 3d 175, 184 (W.D.N.Y. 2025) (explaining that "an allegation of cherry-picking is seldom successful because crediting it would require a court to re-weigh record evidence, and what a claimant may label as cherry-picking can often be described more neutrally as weighing the evidence." (citation modified)).

### B.    RFC Determination

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). That does not mean that an RFC must "perfectly correspond with any of the opinions of medical sources cited in [an ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Rubin v. O'Malley*, 116 F.4th 145, 155 (2d Cir. 2024). So long as an ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not error. *See Cichocki*, 729 F.3d at 177 (explaining that remand is not necessary "where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence" (citation modified)).

In this case, Plaintiff argues that the ALJ erred by not including any mental limitations in the RFC and failing to explain that omission in his analysis. *See* Dkt. 6-1 at 20–23. That argument misunderstands Plaintiff's burden. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Here, Smith had a duty to prove a more restrictive RFC, and [he] failed to do so.").

During the RFC determination, an ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). Although a non-severe impairment "standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." *Id.* Stated differently, a non-severe impairment may, in combination with one or more severe impairments, impact an individual's RFC. *See id.*

Plaintiff, however, provides no explanation as to how his non-severe mental impairments—schizoaffective disorder and PTSD—might interact with his severe physical impairments—degenerative disc disease of the lumbar spine, COPD, and obesity—to create a more restrictive RFC than that found by the ALJ. *See, e.g., Lynette W. v. Commissioner of Soc. Sec.*, 2021 WL 868625, at *4 (W.D.N.Y. Mar. 9, 2021) ("While it is true that nonsevere impairments and 'mild' limitations *can* cause functional restrictions, Plaintiff does not articulate why the ALJ was *compelled* to interpret Dr. Ransom's [findings of mild mental limitations] in that manner"

11

(citation modified)).  As such, Plaintiff is not entitled to remand based on the ALJ's RFC determination.

**CONCLUSION**

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 8) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6).  The Clerk of the Court will close this case.


SO ORDERED.


Dated:          May 11, 2026
                Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE